UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **IN RE OAKLAND PHYSICIANS MEDICAL CENTER, L.L.C.** | 2:18-cv-13539 |
| **YATINDER M. SINGHAL**, | HON. TERRENCE G. BERG |
| Third Party Plaintiff-Appellant, | **ORDER DENYING THIRD PARTY PLAINTIFF-APPELLANT'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |
| v. | |
| **SURINDAR JOLLY**, | |
| Third Party Defendant-Appellee. | |

In this bankruptcy case, the Trustee prevailed on several claims brought in an adversarial proceeding against Third Party Plaintiff-Appellant Yatinder M. Singhal. Adv. P. No. 16-05120, ECF No. 102. Four times throughout the proceeding, Singhal attempted to file a complaint against Third Party Defendant-Appellee Surindar Jolly on the basis that he and Jolly were "similarly situated", so Jolly should indemnify Singhal. The bankruptcy court dismissed each complaint for reasons explained below. Singhal now asks this Court for a fifth chance to mount a similar claim against Jolly. Despite Singhal's attempting to take multiple bites at the apple, he cannot make contact; Jolly is not liable for Singhal's actions, and no claim of indemnity exists.

1

## BACKGROUND

Surindar Jolly ("Jolly"), a former doctor and board member of Debtor, brought an action against Debtor Oakland Physicians Medical Center, L.L.C. in the Oakland County Circuit Court. Jolly claimed the Medical Center owed him money for advancements he made to it because the advancements were loans. Case No. 15-145364; Adv. P., ECF No. 60-2. The court agreed with Jolly. Debtor was ordered to pay back the loans and the case was closed. *Id*.

In the separate adversarial proceeding, the Trustee alleged that Singhal's advances to the Debtor should be recharacterized as capital contributions and not loans. *Id*. Singhal then filed a third-party complaint against Jolly for common-law indemnification, arguing that if Jolly's advances were treated as loans, but Singhal's were not, Jolly should indemnify Singhal. Adv. P.*, ECF No. 5.

The bankruptcy judge dismissed Singhal's complaint without prejudice for failure to state a claim. *Id.*, ECF No. 87. Singhal filed an amended third-party complaint against Jolly and then one month later, a second amended complaint. The bankruptcy judge dismissed Singhal's first and second amended complaints without prejudice for failing to seek leave to amend. *Id.*, ECF No. 111. Finally, Singhal filed a third amended complaint. The bankruptcy judge found that the "Third-Party Plaintiff [Singhal] is alleging to be similarly situated to Third-Party Defendant [Jolly] and seeking same treatment as Third-Party Defendant. This is

inconsistent with derivative liability," and dismissed the third amended complaint with prejudice for failure to state a claim. *Id.*, ECF No. 202 at PageID.11.

Later in the proceeding, the bankruptcy judge granted summary judgment for Trustee, finding that Singhal's advancements were capital contributions. *Id.*, ECF No. 248. Consequently, the advances that the Debtor had paid back to Singhal were deemed fraudulent transfers to which the Debtor was entitled. *Id.* Judgment was entered against Singhal and the case was closed.

Now, Singhal appeals to this Court, arguing the bankruptcy judge erred by dismissing Singhal's third amended complaint against Jolly. ECF No. 4. For the reasons that follow, Singhal's motion will be denied.

## STANDARD OF REVIEW

A district court reviews *de novo* a bankruptcy court's decision to deny leave to amend a complaint on the grounds of futility. *Orton v. Johnny's Lunch Franchise, LLC,* 668 F.3d 843, 850 (6th Cir.2012). A proposed amendment is futile if it could not withstand a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir.2000).

## DISCUSSION

Singhal argues his claims against Jolly should survive because the two are "similarly situated" as former doctors and board members of Debtor, and therefore Jolly should indemnify Singhal. ECF No. 4. "A

party seeking indemnity must plead and prove freedom from personal fault. This has been frequently interpreted to mean that the party seeking indemnity must be free from active or causal negligence." *Langley v. Harris Corp.*, 321 N.W.2d 662 (Mich. 1982); *Bullock v. Black & Decker, Inc.*, 502 F. Supp. 580, 583 (E.D. Mich. 1980). *See also Botsford Continuing Care Corp. v. Intelistaf Healthcare, Inc.*, 807 N.W.2d 354 (Mich. 2011) ("[t]he right to common-law indemnification is based on the equitable theory that where the wrongful act of one party results in another party's being held liable, the latter party is entitled to restitution for any losses.") (quotation marks and citation omitted). Accordingly, for Singhal to mount a successful indemnification claim he must show that he is without fault and that Jolly acted negligently.

Singhal has not shown either. First, Singhal is not without fault. The bankruptcy judge found Singhal directly liable by virtue of his own conduct, for example, by receiving transfers from the Debtor without giving reasonably equivalent value in exchange. Adv. P., ECF No. 248. Nor has Singhal shown Jolly acted negligently. Singhal argues that Jolly "acted wrongfully" when he filled in Singhal's check to Debtor in the amount of $150,000.00 and wrote on the back that it was a "loan." ECF No. 116-1, PageID.3. This is not a wrongful act that requires Singhal to indemnify Jolly. Moreover, Jolly had nothing to do with the bankruptcy court's determination that Singhal's advances were capital contributions and not loans, despite what Jolly wrote on the back of Singhal's check.

Singhal acknowledges this flaw. He says, "We readily concede that there are no cases under these legal doctrines based on facts that are similar to the facts of the instant case. However, we contend that there is a nonfrivolous argument for extending existing law or for establishing new law to cover the unusual facts of this case." ECF No.4, PageID.42. This is not enough to convince the Court a meritorious claim exists. On the contrary, Singhal argues that he and Jolly are "similarly situated" and so should be treated the same. *Id.* That argument is inapposite to a finding that Singhal was an innocent party and Jolly was at fault.

Singhal cannot state a claim of indemnification against Jolly. As such, amendment would be futile. The bankruptcy court did not err in denying Singhal leave to amend his pleading.

## CONCLUSION

For these reasons, Third Party Plaintiff-Appellant's motion is **DENIED**.

Dated: March 31, 2020

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE